JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
POLINA PECHERSKAYA
ppecherskaya@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlaw.com
HAMMONDLAW, P.C.
1829 Reisterstown Rd. Suite 410
Baltimore, MD 21208
(310) 601-6766
(310) 295-2385 (Fax)

Attorneys for Plaintiffs and Putative Class

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JOHN DOE (a pseudonym), individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AVID LIFE MEDIA, INC., an Ontario corporation, and AVID DATING LIFE, INC, an Ontario corporation dba ASHLEY MADISON<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JOHN DOE ("Plaintiff") brings this class action against Defendants AVID LIFE MEDIA, INC. and AVID DATING LIFE, INC., d/b/a Ashley Madison ("Defendants") on behalf of himself and all others similarly situated.  Except as to his own actions, Plaintiff avers the following allegations upon information and belief of the investigation of his counsel and the facts that are a matter of public record:

## INTRODUCTION

Defendants operate a dating site under the ASHLEY MADISON trademark as AshleyMadison.com.  The Ashley Madison website, in operation since 2002, is designed to facilitate discreet intimate adult relationships for individuals who are either married or are in committed relationships.  Ashley Madison targets individuals who reside in the United States as well as outside the United States.  The website boasts a current membership of approximately 37 million users and is rated the twentieth most popular adult website in the United States.[1] The website has proven extraordinarily lucrative, yielding Defendants $115.5 million in revenue in 2014 alone.[2]

The website stores personal and financial information of its users, such as users' login details, mailing addresses, email addresses, phone numbers, payment transaction details, credit card data, and passwords. Importantly, highly sensitive user profile data such as photographs and sexual fantasies is also stored in the website.

In what can only be described as a nightmare for the users of AshleyMadison.com, on or about July 20, 2015, the hacking collective Impact Team accessed and downloaded the personal and financial data of approximately all 37 million AshleyMadison.com customers.  Following this theft of information, the hackers threatened that if Defendants did not shut down the website, they would release all customer information on the Internet in a "data dump."  On or about August 18, 2015, the Impact Team made good on its promise, dumping 9.7 gigabytes worth of stolen and highly-sensitive personal and financial data – including user identity information and their sexual fantasies and preferences – belonging to the website's some 37 million users.  Reportedly, among the "dumped" data

---

[1] http://www.similarweb.com/category/adult (last visited August 21, 2015)

[2] http://money.cnn.com/2015/07/20/technology/ashley-madison-hack-avid-life-media/ (last visited on August 21, 2015)

was data of individuals who paid a fee of $19 to have AshleyMadison.com scrub their profiles from the site, but whose profiles had apparently not been scrubbed.[3]  Needless to say, this dumping of sensitive personal and financial information is bound to have catastrophic effects on the lives of the website's users.

### JURISDICTION & VENUE

1.      This Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  In the aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and the class members are citizens of a state other than Defendants' state or country of citizenship, which is Ontario, Canada.  This Court may also exercise supplemental jurisdiction over the state law claims pled below.

2.      This Court has personal jurisdiction over Defendants because Defendants:

  a.      intentionally avail themselves of this jurisdiction by marketing its website to millions of consumers nationwide, including residents throughout California and this District; and

  b.      have directed tortious acts toward individuals residing within this District, and have committed tortious acts that they know or should have known would cause injury to Plaintiff and Class Members in this District.

3.      Venue lies within this District under 28 U.S.C. § 1391(b)-(c) because: (a) Defendants regularly transact business within this District; (b) certain acts giving rise to the claims asserted in this Complaint occurred in this District; and (c) the actions of Defendants alleged in this Complaint caused damages to Plaintiff and a substantial number of Class Members within this District.

### PARTIES

4.      Plaintiff is a male who resides in Los Angeles, California. Plaintiff created an account with Ashley Madison in March 2012.

5.      Defendant Avid Life Media, Inc. is a corporation organized and existing under the laws of Ontario, Canada, with its principal place of business and headquarters in Toronto, Canada. The corporation owns various companies that are in business of operating online dating websites.

---

[3] http://www.cbsnews.com/news/ashley-madison-hacked-users-threatened-with-exposure/ (last visited August 21, 2015)

6.      Defendant Avid Dating Life, Inc. d/b/a Ashley Madision is a corporation organized and existing under the laws of Ontario, Canada, with its principal place of business in Toronto, Canada, and is regularly engaged in the business of operating online dating websites, including AshleyMadison.com.

## FACTS COMMON TO ALL COUNTS

### A.  Defendants and their Business

7.      AshleyMadision.com is a dating website marketed to people who are married or are in committed relationships seeking to engage in adulterous behavior. AshleyMadision.com is owned by Avid Life Media, a privately-held Canadian corporation founded by its CEO Noel Biderman, which owns various companies that are in business of operating online dating websites, including CougarLife.com and EstablishedMen.com.

8.      Defendants market AshleyMadision.com to consumers in the United States as well as outside the United States. The website has more than 37 million users in 46 countries.  It is rated the twentieth most popular adult website in the United States. Defendants market the website through television, radio, billboard, and internet advertisements, many of which include its founder and CEO Noel Biderman as the website's spokesperson.

9.      The website's business model is based on credits, which users purchase, as opposed to paid subscriptions.  In order to initiate a conversation with another user, one must "pay" five credits. Users buy credits from the website and enter their credit or debit card information in order to pay for the credits.

10.     The website also offers to "scrub" – or delete – user profiles along with all personal information from the website for a $19 charge.

### B.  AshleyMadision.com Stores Personal Information of Its Users in an Unencrypted Format at the Database Level

11.     In order to create an account on AshleyMadision.com, users are required to select a username and password, personalize a "greeting," indicate their location (by country), zip code, date of birth, type of affair sought – the options provided are short term, long term, cyber affair/erotic chat, or other – height, weight, body type, ethnicity and email.

12.     Below the box where users are asked to enter their "email," the website promises: "This email will never be shown or shared."

13.     The website also asks each user to upload a "discrete photo" and offers options of either placing a mask over the user's eyes on the photo or blurring the photo.

14.     In the "Manage Profile" section, users may enter information relating to "My Intimate Desires" "My Perfect Match" and "My Personal Interests," among other information.

15.     Upon information and belief, Defendants store the users' personal information they collect in an unencrypted format at the database level.[4] Despite these security threats that may have even been internally discovered by Defendants' internal officers or directors, Defendants published on the internet a statement calling itself "the last truly secure space on the Internet."[5]

**C. Plaintiff's Creation of a AshleyMadison.com Account and Security Breach**

16.     On or about March 2012, Plaintiff created an account with AshleyMadison.com. As part of the process of creating his account, Plaintiff created a username and password and entered his personal information into the website's system, including photographs.  Plaintiff subsequently purchased credits and communicated with other members on the website.

17.     As a result of Defendants' failure to maintain adequate and reasonable security measures to secure the data of the website's users from being compromised, on or about July 20, 2015, Impact Team, a group of hackers, downloaded highly-sensitive personal, financial, and identifying information of the website's some 37 million users.

18.     On information and belief, among the data compromised and downloaded were profiles of individuals who executed the option to scrub their user profiles and all associated data and paid $19 to Defendants to do so, yet Defendants failed to actually scrub the data.

19.     Following the breach and downloading of users' personal and financial information, Impact Team threatened that if Avid Life Media did not shut down the website permanently, they would leak the information on the Internet.  Avid Life Media refused to shut down the website, and on

[4] http://mashable.com/2015/08/20/ashleymadison-hack-security/ (last visited on August 21, 2015)
[5] *Id.*

CLASS ACTION COMPLAINT

or about August 18, 2015, Impact Team, in keeping with its threat, published some 9.7 gigabytes of stolen personal information of the website users on the Internet.

20.     This massive data breach could have been prevented had Defendants taken the necessary and reasonable precautions to protect its users' information by, for example, encrypting the data entrusted to it by its users on a database level so that any information hacked and downloaded appeared in the encrypted format.  Defendants were aware or should have been aware of the need to secure users' information, especially in light of the recent rise of massive security breaches on the Internet and the fact that the information contained on its servers is particularly sensitive.

21.     Defendant failed to notify Plaintiff and Class Members of the breach in a timely manner after learning of the breach and failed to take reasonable steps to inform Plaintiff and Class Members of the extent of the breach.

22.     Plaintiff's account and personal information is among the information that was compromised in the breach and made public on the Internet.

**D.  The Data Breach Harmed Plaintiff and Class Members**

23.     As a result of Defendants' unfair, unreasonable, and inadequate data security, its users' extremely personal and embarrassing information is now accessible to the public.  In addition to the embarrassing information regarding users' sexual interests or the fact that users were seeking or had affairs, users' addresses, phone numbers, email addresses, credit card or other payment information, and/or birth dates, and photos are also now available on the World Wide Web.  For many of the website's users, the publicity of this information has created and will continue to create irreparable harm.

**CLASS ACTION ALLEGATIONS**

24.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure Rule 23, and seeks to represent the following National Class and California Subclass (collectively, "Class")

> **National Class: All individuals in the United States who created an account(s) on AshleyMadison.com and whose information was downloaded and leaked on the Internet.**

**California Sub-Class: All individuals residing in California who created an account(s) on AshleyMadison.com and whose information was downloaded and leaked on the Internet.**

25.    The "Class Period" is designated as the period from August 21, 2011 through to the trial date.  Defendants' violations described more fully below, have been ongoing since August 21, 2011, and are continuing at present.

26.    Excluded from the proposed Class are governmental entities, Defendants, officers, directors, and employees of Defendant, and the Judge assigned to this action and his staff.

27.    This action has been brought and may properly be maintained as a class action under Rule 23 because it satisfies the class action prerequisites of numerosity, commonality, typicality, and adequacy:

a.    Numerosity:  Individual joinder of the Class members would be wholly impracticable.  There are 37 million individuals whose created accounts with AshleyMadison.com and whose information was downloaded by hackers and leaks on the Internet, and 27.2% of the website's visitors are located in the United States.[6]

b.    Commonality:  There are questions of law and fact common to the Class that predominate over questions affecting only individual class members.  The wrongs suffered and remedies sought are premised upon deceptive and unlawful conduct on the part of all Defendants.  The principal common issues include, but are not limited to, the following:

i.    Whether Defendants engaged in the wrongful or negligent conduct alleged herein;

ii.    Whether Defendants' conduct was deceptive, unfair, and/or unlawful;

iii.    Whether Defendants used reasonable security measures to protect its users and Class Members' personal and financial information;

iv.    Whether Defendants unreasonably delayed in informing its users of the breach;

---

[6] http://www.alexa.com/siteinfo/ashleymadison.com (last visited on August 21, 2015)

v.      Whether Defendants knew or should have known that its security measures were inadequate and vulnerable to cyber-attack;

vi.     Whether Plaintiff and Class Members are entitled to recover actual damages, statutory damages, and/or punitive damages; and

vii.    Whether Plaintiff and Class Members are entitled to restitution, disgorgement, and/or other equitable relief.

c.      <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class. Plaintiff and all Class Members were injured through the uniform misconduct described above and assert the same claims for relief.

d.      <u>Adequacy of Representation</u>:  Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class Members.  Plaintiff's interests do not conflict with those of Class Members. Counsel who represent Plaintiff are competent and experienced in litigating large consumer class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

e.      <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or may be damaged in the future by reason of Defendants' unlawful, deceptive and/or negligent practices of  failing to implement and maintain reasonable and adequate security measures, and leaving its users' most sensitive information exposed to hackers.  Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system and would prevent repetitious litigation relating to Defendants' wrongful actions and/or inactions. The expense and burden of litigation would substantially impair the ability of Plaintiff and Class Members to pursue individual lawsuits to vindicate their rights.  Absent a class action, Defendants will retain the benefits of their wrongdoing despite its serious violation of the law.

CLASS ACTION COMPLAINT

## FIRST CAUSE OF ACTION
### NEGLIGENCE
**(On behalf Plaintiff and the National Class)**

28.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

29.     By accepting Plaintiff's and Class Members' non-public personal and financial information, Defendants assumed a duty requiring them to use reasonable and industry standard of care to secure such information against theft and misuse.

30.     Defendants breached their duty of care by failing to adequately secure and protect Plaintiff's and Class Members' personal and financial information from theft, collection and misuse by third parties.

31.     Defendants also breached their duty of care by failing to timely disclose to Plaintiff and Class Members that a breach of security had occurred and their personal and financial information had been compromised, or was reasonably believed to have been compromised.

32.     Plaintiff and Class Members suffered injury in fact, including having highly-sensitive personal, financial, and potentially embarrassing information leaked to the public, and will continue to be injured and incur damages as a result of Defendants' negligence and misconduct.

33.     As a direct and proximate result of Defendants' failure to take reasonable care and use industry standard measures to protect the personal and financial information placed in its care, Plaintiff and Class Members had their personal and financial information stolen and released to the public, causing direct and measurable monetary losses in the form of, *inter alia*, costs associated with the detection and prevention of unauthorized use of their personal information and costs associated with loss of productivity from taking time to ameliorate the actual and future consequences of the breach.

34.     Plaintiff on behalf of himself and the Class seeks compensatory and punitive damages with interest, attorneys' fees and costs, and any other and further relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE INFLICATION OF EMOTIONAL DISTRESS**
**(On behalf of Plaintiff and the National Class)**

35.     Plaintiffs realleges and incorporates by reference the allegations contained in the preceding paragraphs.

36.     Defendants had a duty to Plaintiffs and Class Members to take reasonable care to protect and safeguard Plaintiff's and Class Members' personal and financial information.

37.     Defendants breached their duty when they failed to take reasonable precautions to safeguard and protect Plaintiff's and Class Members' personal and financial information from collection and misuse.

38.     As a direct and proximate result of Defendants' negligence, hackers accessed and collected Plaintiff and Class Members' personal and financial information.

39.     As a direct and proximate result of Defendants' negligence, Plaintiff and Class Members suffered mental anguish, disability, loss of capacity for the enjoyment of life, and expense of medical care and treatment.

40.     Plaintiff on behalf of himself and the Class seeks compensatory punitive damages with interest, attorneys' fees and costs, and any other and further relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")**
**Cal. Bus. & Prof. Code § 17200, *et seq.***
**(On behalf of Plaintiff and the California Subclass)**

41.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

42.     Business & Professions Code §§ 17200, *et seq.* (the "UCL") prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.  Buss & Prof. Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.  Such a person may bring such an action on behalf of themselves and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

9

43.     Beginning on or about August 21, 2011, Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, by accepting and storing Plaintiff's and Class Members' personal and financial information but failing to take reasonable and adequate steps to protect it in violation of California Customer Records Act, Civil Code § 1798.81 and 1798.81.5(b).  In violation of industry standards and best business practices Defendants violated expectation of AshleyMadison.com users to safeguard personal and financial information.

44.     Defendants have also committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, by unreasonably delaying informing Plaintiff and Class Members about the breach of security after Defendants knew the data breach occurred in violation of Civil Code § 1798.82.

45.     As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Plaintiff and Class Members have suffered economic injuries. Defendants have profited from their unlawful, unfair, and/or fraudulent acts and practices.

46.     Plaintiffs and Class Members are entitled to restitution pursuant to Bus. & Prof. Code §§ 17203 and 17208 for all economic injuries suffered by them throughout the Class Period, at rates specified by law, and seek declaratory and injunctive relief, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### INVASION OF PRIVACY – PUBLIC DISCLOSURE OF PRIVATE FACTS, AND CALIFORNIA CONSTITUTION RIGHT TO PRIVACY

### (On behalf of Plaintiff and the National Subclass)

47.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

48.     Plaintiff and Class Members had reasonable expectations of privacy in the private information Defendants mishandled.

49.     By failing to keep Plaintiff's and Class Members' private information safe, and by misusing and/or disclosing said information to unauthorized parties for unauthorized use, Defendants invaded Plaintiff's and Class Members' privacy by:

a.     Allowing intrusion into Plaintiff's and Class Members' private affairs in a manner that would be highly offensive to a reasonable person;

10

b.  Allowing publication of private facts about Plaintiff and Class Members, which is highly offensive to a reasonable person; and

c.  Violating Plaintiff's and Class Members' right to privacy under California Constitution, Article 1, Section 1, through the improper use of Plaintiff's and Class Members' private information property obtained for a specific purpose for another purpose or the disclosure of it to some third party.

50.  Defendant knew, or acted with reckless disregard of the fact that, a reasonable person in Plaintiff's and Class Members' positions would consider Defendant's actions highly offensive.

51.  Defendants permitted invasion into Plaintiff's and Class Members' right to privacy and intruded into Plaintiff's and Class Members' private affairs by allowing misuse and/or disclosure of Plaintiff's and Class Members' private information without their informed, voluntary, affirmative and clear consent.

52.  As a proximate result of such misuse and disclosures, Plaintiff's and Class Members' reasonable expectations of privacy of their private information were unduly frustrated and thwarted, and they suffered a serious invasion of their protected privacy interests.

53.  In failing to protect Plaintiff's and Class Members' private information, and in allowing misuse and/or disclosure of that information, Defendants have acted in conscious disregard of Plaintiff's and Class Members' rights to have such information kept confidential and private.

54.  Plaintiff on behalf of himself and the Class, therefore, seeks an award of punitive damages and any such other and further relief as this Court may deem just and appropriate.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S CUSTOMER RECORDS ACT**
**Cal. Civ. Code §§ 1798.80, *et seq.***

**(On behalf of Plaintiff and the California Subclass)**

55.  Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

56.  "[T]o ensure that personal information about California residents is protected," the California Legislature enacted Cal. Civil Code § 1798.81.5, which provides any that business that "owns or licenses personal information about a California resident shall implement and maintain

11

reasonable security procedures and practices appropriate to the nature of the information to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

57.     Defendants are a "business[es]" within the meaning of Civil Code § 1798.80(a).

58.     Plaintiff and Class Members are "customer[s]" within the meaning of the Civil Code § 1798.80(c) "who provide[d] personal information to [Defendants] for the purpose of purchasing or leasing a product or obtaining a service from the business." The information retained by Defendants constitutes "personal information" as defined in Civil Code § 1798.81.5(d)(1).

59.     The breach of the personal information of millions of users of AshleyMadison.com constitutes a "breach of the security system" of AshleyMadison.com pursuant to Civil Code § 798.82(g).

60.     By keeping users' personal data within its custody and control longer than necessary, and by failing to properly and adequately dispose or make users' data undecipherable, Defendants violated § 1798.81.

61.     By failing to implement reasonable security procedures and practices appropriate to the nature of Plaintiff's and Class Members' personal information, Defendants violated § 1798.81.5(b).

62.     Additionally, by failing to promptly notify all affected AshleyMadison.com users that their personal information had been acquired (or was reasonably believed to have been acquired) by unauthorized persons in the data breach, Defendants violated § 1798.82 of the same title.

63.     As a direct and proximate result of Defendants' failure to implement and maintain reasonable security procedures and practices to protect Plaintiff's and Class Members' personal and financial information, Plaintiff and Class Members suffered damages, including, but not limited to, loss of and invasion of privacy, loss of property, loss of money, loss of control of their personal and financial nonpublic information, fear and apprehension of fraud and loss of control over their personal and financial information, the burden of taking actions to protect themselves from fraud or potential fraud.

64.     Plaintiff on behalf of himself and the Class seeks all remedies available under Civil Code § 1798.84, including, but not limited to: (a) damages suffered by Class Members, and (b)

equitable relief.  Plaintiff on behalf of himself and the Class also seeks reasonable attorneys' fees and costs under applicable law, and any such other and further relief as this Court may deem just and appropriate.

### SIXTH CAUSE OF ACTION
### BREACH OF IMPLIED CONTRACT

**(On behalf of Plaintiff and the National Class)**

65.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

66.    When Plaintiff and Class Members provided their personal and financial information to AshleyMadison.com in order to receive the website's services, they entered into implied contracts with Defendants pursuant to which Defendants agreed to safeguard and protect such information from being compromised.

67.    Defendants solicited and invited Plaintiff and Class Members to sign up with AshleyMadison.com and to provide their personal and financial information. Plaintiff and Class Members accepted the website's offer and provided their personal information in order to sign up and later their financial information in order to purchase credits.

68.    Plaintiff and Class Members would not have provided and entrusted their financial and personal information, including all information to Defendants in the absence of the implied contract between them.

69.    Plaintiff and Class Members fully performed their obligations under the implied contracts with Defendants.

70.    Defendants breached the implied contracts it made with Plaintiff and Class members by failing to safeguard and protect their personal information.

71.    The losses and damages sustained by Plaintiff and Class Members as described herein were the direct and proximate result of Defendants' breaches of the implied contract between them and Plaintiff and Class Members.

72.     Plaintiff on behalf of himself and the Class seeks actual and compensatory damages, punitive damages, declaratory and injunctive relief, and attorneys' fees and costs, and any such other and further relief as this Court may deem just and appropriate.

## SEVENTH CAUSE OF ACTION
## BAILMENT

**(On behalf of Plaintiff and the National Class)**

73.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

74.     Plaintiff and the Class Members delivered and entrusted their private information to Defendants for the sole purpose of receiving services from Defendants.

75.     During the time of bailment, Defendant owned Plaintiff and Class Members a duty to safeguard this information properly and maintain reasonable security procedures and practices to protect such information. Defendants breached this duty.

76.     As a result of this breach of duty, Plaintiff and Class Members have suffered harm.

77.     Plaintiff seeks actual damages on behalf of himself and the Class.

## EIGTH CAUSE OF ACTION
## CONVERSION

**(On behalf of Plaintiff and the National Class)**

78.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

79.     Plaintiff and Class Members were the owners and possessors of their private information. As the result of Defendants' wrongful conduct, Defendants have interfered with the Plaintiffs and Class Members' rights to possess and control such property, to which they had a superior right of possession and control at the time of conversion.

80.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Class Members suffered injury, damage, loss of harm and therefore seek compensatory damages.

81.     In converting Plaintiff's and Class Members' private information, Defendants have acted with malice, oppression and in conscious disregard of the Plaintiff's and Class Members' rights. Plaintiff, therefore, seeks an award of punitive damages on behalf of the Class.

82.     Plaintiff and Class Members did not consent to Defendants' mishandling and loss of their private information.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A.     That the Court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and define the Class as requested herein;

B.     That the Court award Plaintiff and the Class appropriate relief, to include actual, statutory and punitive damages, disgorgement, restitution;

C.     That the Court award Plaintiff and the Class preliminary or other equitable or declaratory relief as may be appropriate by way of applicable law;

D.     Such additional orders or judgments as may be necessary to prevent these practices and to restore to any person in interest any money or property which may have been acquired by means of the violations; and

E.     That the Court award Plaintiff and the Class such other, favorable relief as may be available and appropriate under the law or at equity.

F.     Pre- and Post-Judgment Interest;

G.     Reasonable attorneys' fees and costs;

H.     And such other, further and different relief as the Court may deem just and proper.

Dated:  August 21, 2015

Respectfully submitted,

_____
s/ Julian Hammond
JULIAN HAMMOND (SBN 268489)
hammond.julian@gmail.com
POLINA PECHERSKAYA
ppecherskaya@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
ari.cherniak@gmail.com
HAMMONDLAW, P.C.
1180 S. Beverly Drive, Suite 610
Los Angeles, CA  90035
(310) 601-6766
(310) 295-2385 (Fax)

Attorneys for Plaintiffs and Putative Class

15